| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br><br>Court Address: 1100 Judicial Cenver Drive<br>Brighton, Colorado 80601<br><br>**Plaintiff: EMILY ENCINIAS**<br><br>v.<br><br>**Defendant: WALMART INC.** | DATE FILED<br>December 23, 2025 3:48 PM<br>FILING ID: 4431375736666<br>CASE NUMBER: 2025CV32115<br><br>▲ **COURT USE ONLY** ▲ |
| Plaintiff's Attorney:<br>Name: Charles G. Crichton, #38557<br>Stephen C. Kaufman, #10564<br>Kidneigh, Kaufman & Crichton, P.C.<br>Address: 730 17th Street<br>Suite 635<br>Denver, Colorado 80202<br>Phone Number: (303) 393-6666<br>Fax Number: (303) 393-0132<br>E-mail: skaufman@kandkpc.com<br>ccrichton@kandkpc.com | Case Number: 2025CV<br><br>Div.: Ctrm: |
| **COMPLAINT** | |

**COMES NOW** the Plaintiff, by and through her attorneys, KIDNEIGH, KAUFMAN & CRICHTON, P.C., and as claims against the Defendant states, alleges, and avers as follows:

## CLAIM FOR RELIEF

1. The Plaintiff, Emily Encinias, is a resident of the State of Colorado, residing at 7981 Quince St., Commerce City, Colorado 80022 and she has resided therein at all times necessary to this action.

2. At all times necessary to this action, Defendant Walmart Inc. was and is a Delaware corporation doing business in the State of Colorado, with its offices and principal place of business being located at 1 Customer Service Drive, Bentonville, Arkansas 72716.

3. At all times necessary to this action Defendant was the owner, operator, and property manager of a Walmart store located at 5990 Dahlia Street,Commerce City, Colorado. Groceries were sold in a portion of this Walmart store.

4. At all times necessary to this action unknown persons were employees or agents of the Defendant and said unknown persons were acting within the course and scope of their employment or agency with the Defendant and with the authority of the Defendant, such that the Defendant is liable for the acts and omissions of said unknown employees or agents, as described below, based on the doctrine of *respondeat superior* or pursuant to general agency law, or because it had a non-delegable duty pursuant to C.R.S. 13-21-115.

5. At all times necessary to this action the Defendant and others were joint venturers and/or acted in concert with respect to their responsibilities to operate, maintain, inspect, and keep clean, clear, and in good condition and repair repair the said store, including the floors inside the said store, as set forth below, and with respect to the acts and omissions set forth below, and the acts and omissions of the Defendant and of others as set forth below, they are attributable to the Defendant, such that the Defendant is liable for the acts and omissions of others pursuant to general joint venture law and C.R.S. 13-21-111.5, and/or because it had a non-delegable duty pursuant to C.R.S. 13-21-115.

6. At all times necessary to the within action the Defendant was responsible for the operation, upkeep, inspection, and maintenance of the said store, which included, but was not limited to, providing, maintaining, and keeping clean, clear, and in good condition and repair the floors at the said store and for timely removing liquid and other substances from the said floor, inspecting the floors within the said store, keeping the said floor free of hazardous and dangerous conditions, and warning of or cordoning off hazardous and dangerous conditions that were on the said floor, or for arranging for others to do the same.

7. On information and belief oral and written contracts may have existed and been in effect at all times necessary to this action between the Defendant and other parties requiring the Defendant or other parties to perform the services set forth in the preceding paragraph.

8. On or about February 11, 2024, Ms. Encinias was shopping at Walmart with her grandson, Teleffor Encinias. She was walking down aisle where the flour and sugar are, within the portion of the said store that sold groceries, with her grandson walking a few steps ahead of her when she slipped on an oily or other substance substance that was on the floor and fell to the floor.

9. The aforedescribed condition of an oily or other substance substance being on the said floor within the said store had been present within the said store for a long period of time prior to Plaintiff Encinias's said fall and neither the Defendant, its employees, agents, or joint venturers, for whom the Defendant is vicariously liable, had removed the said oil or other substance from the said

floor, warned of the said oily or other substance on the said floor, or cordoned off the said floor where the said oily or other substance was present, or done anything to reduce the risk of someone slipping and falling in the area where the said oily or other substance was on the said floor.

10. The said incident involving Plaintiff Emily Encinias occurred as a direct and proximate result of the breach of obligations under C.R.S. 13-21-115, and the negligence and carelessness of the Defendant, or of its employees, agents, or joint venturers, for which the Defendant is vicariously liable, or because the Defendant had a non-delegable duty pursuant to C.R.S. 13-21-115. The breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant, or its employees, agents, and joint venturers, for whom the Defendant is vicariously liable, or liable because it had a non-delegable duty consisted of, but was not limited to, the following: failing to remove within a reasonable period of time the oily or other substance from the said floor; failing to warn of the oily or other substance on the said floor; failing to warn of an oily or other substance on the floor at all, or in such a way that a reasonably observant person would see the warning and understand that the warning applied to the area where the Plaintiff slipped and fell; failing to cordon off the area where there was an oily or other substance on the said floor; failing to inspect the floor in the said grocery store for oily or other substances on the floor; failing to have a system in place for the detection of oily or other substances on the floor and, if detected, for the clean-up of the oily or other substances on the floor, or if there was such a system in place, failing to follow that system; failing to warn of the oily or other substances on the floor; failing to cordon off the area on the floor where there was an oily or other substance on the floor; failing to warn of a hazardous and dangerous condition within the said store, or to cordon off the area where the hazardous and dangerous condition was present within the said store; unreasonably failing to exercise reasonable care to protect against dangers of which the Defendant actually knew or should have known; and failing to adequately supervise the operation, upkeep, inspection, management, and maintenance at the said store, so as to allow for all of the foregoing.

11. As a direct and proximate result of the aforedescribed breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant, or for which it is vicariously liable, or liable because the Defendant had a non-delegable duty, and further, as a direct and proximate result of the aforedescribed fall, the Plaintiff, Emily Encinias, sustained grave and permanent bodily and psychological injuries, including, but not limited to, injuries to her back, legs, hips, shoulders, neck, and emotional difficulties characterized by depression, anger, anxiety and frustration. The injuries so sustained have necessitated extensive medical care and treatment, including but not limited to injections, have necessitated the need for surgery, and have resulted in physical limitations.

12. As a direct and proximate result of the aforedescribed breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant, or for which it is vicariously liable, or liable because the Defendant had a non-delegable duty, and further, as a direct and proximate result of the aforedescribed fall, the Plaintiff Emily Encinias has incurred in the past and will incur in the future, medical, rehabilitation, and physiotherapy expenses related thereto; has suffered in the

past and will continue to suffer in the future, great mental and physical pain and suffering; has suffered in the past and will continue to suffer in the future a loss of time, travel expenses, a loss of enjoyment of life, impairment to the quality of life, inconvenience, impairment, disfigurement, and disability, as well as other economic and non-economic damages, all to her compensatory damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Emily Encinias herein prays for judgment against the Defendant, as follows:

A. For judgment in favor of Plaintiff Emily Encinias in an amount to be determined at trial as and for compensatory damages;

B. For judgment in favor of Plaintiff Emily Encinias awarding pre and post judgment interest as provided for by law, costs, expert witness fees, attorneys' fees, expenses, and such other relief as the court may deem proper in the premises.

*Filed via ICCES*
*A duly signed original on file with the*
*office of Kidneigh, Kaufman & Crichton, P.C.*

*/s/ Stephen C. Kaufman*
STEPHEN C. KAUFMAN #10564
CHARLES G. CRICHTON #38557

Plaintiff's Address:
7981 Quince St.
Commerce City, Colorado 80022